PER CURIAM.
The Florida Bar has filed a motion for rehearing requesting that we reconsider their suggestion that Rule of Judicial Administration 2.060(b) be amended to specify that foreign lawyers admitted on a temporary basis in Florida must associate Florida counsel. The Bar asserts that this amendment is necessary to avoid conflict with Florida Bar Integration Rule, Article 11(2). The Florida Bar further brings to our attention the possible confusion resulting from the double qualifier in paragraphs (b) and (d) of Rule of Judicial Administration 2.060.
We deny the request to require foreign lawyers admitted on a temporary basis to mandatorily associate Florida counsel. We find it more appropriate to leave such a requirement to the discretion of the court which has jurisdiction of the cause; the requirement may be imposed when that court finds it necessary.
We acknowledge the need to eliminate the double qualifier in Rule of Judicial Administration 2.060(b) and (d), and we recognize that Florida Bar Integration Rule, Article 11(2), should be amended to conform to the new Rule of Judicial Administration 2.060(b).
The appended amendments of Rule of Judicial Administration 2.060(b) and Florida Bar Integration Rule, Article 11(2), are *1028 hereby adopted as revised and shall take effect upon the filing of this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion, with which ALDERMAN, J., concurs.
SUNDBERG, J., dissents.
Upon consideration of the motion for rehearing filed by the Florida Conference of Circuit Court Judges,
IT IS ORDERED by the Court that said motion be and the same is hereby denied.
ENGLAND, C. J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
OVERTON and SUNDBERG, JJ., would grant the motion for rehearing.
McDONALD, J., did not participate on this motion for rehearing.
RULE OF JUDICIAL ADMINISTRATION
RULE 2.060. ATTORNEYS
(b) FOREIGN ATTORNEYS. Upon motion filed with a court showing that an attorney is a member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A request for an appearance shall be submitted before oral arguments in an appellate court proceeding and before trial in a trial court. Attorneys of other states shall not do a general practice unless they are members of The Florida Bar in good standing. INTEGRATION RULE OF THE FLORIDA BAR
ARTICLE II
MEMBERSHIP
2. No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another, state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it made to appear that he has associated and appearing with him in such business an active member of The Florida Bar; upon such conditions as the court deems appropriate under the circumstances of the case.